Tino X. Do, Esq. (SBN 221346)
SALTZMAN & JOHNSON LAW CORPORATION
5100-B1 Clayton Road, Ste 373
Concord, CA 94521
Telephone: (510) 906-4710
Email: tdo@sjlawcorp.com

Attorneys for Plaintiffs, Operating Engineers' Health and Welfare Trust Fund, et al.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AGD GENERAL ENGINEERING INC., a California Corporation; ADAM DYCK, an Individual,<br><br>Defendants. | Case No. 26-CV-11339<br><br>**JUDGMENT PURSUANT TO STIPULATION; ~~[PROPOSED]~~ ORDER THEREON** |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto that Judgment shall be entered in the within action in favor of Plaintiffs Operating Engineers' Health and Welfare Trust Fund, Pension Trust Fund for Operating Engineers, Pensioned Operating Engineers' Health and Welfare Trust Fund, Operating Engineers and Participating Employers Pre-Apprentice, Apprentice and Journeyman Affirmative Action Training Fund, Operating Engineers Local Union No. 3 Vacation, Holiday and Sick Pay Trust Fund, Dan Reding and James E. Murray, Trustees ("Plaintiffs" or "Trust Funds") and against Defendant AGD General Engineering Inc., a California Corporation, and Defendant Adam Dyck, an individual (collectively, "Defendants") as follows.

1. Defendant AGD General Engineering Inc. is signatory to and bound by the terms of a Collective Bargaining Agreement(s) ("Bargaining Agreement") with the Operating Engineers Local 3 Union ("Union"). The Bargaining Agreement is still in full force and effect.

2. Adam Dyck, as the RMO/CEO/President and owner of AGD General Engineering Inc. confirms that he is authorized to enter into this Stipulation on behalf of AGD General Engineering Inc.

3. Adam Dyck ("Guarantor") also confirms that he is personally guaranteeing the amounts due herein and confirms that he shall be added as a Defendant to the above-captioned action. Defendants/Guarantor specifically consent to the Court's jurisdiction, as well as the use of a Magistrate Judge for all proceedings, including entry of judgment herein. Defendants/Guarantor further confirm that all successors in interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling companies), and any companies with which any Defendant joins or merges, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in which Defendants/Guarantor are officers, owners or possess any controlling ownership interest. All such entities shall specifically consent to the Court's jurisdiction, the use of a Magistrate Judge for all proceedings, and all other terms herein, in writing, at the time of any assignment, affiliation or purchase, and if they do not, shall nevertheless be bound to the terms of this Stipulation. **Defendants and Guarantor confirm and agree that any applicable successors in interest, assignees, and affiliated entities may be added to this Stipulation by Plaintiffs through a noticed motion before this Court or any other court of competent jurisdiction.**

4. Defendants are currently indebted to the Trust Funds as follows:

| Month | Unpaid Contributions | 20% Liquidated Damages | 10% Interest (through 9/25/26) | Total |
|---|---|---|---|---|
| June 2026 | $17,649.15 | $5,701.96 | $436.67 | $23,787.78 |
| July 2026 | $9,381.00 | $3,404.01 | $111.07 | $12,896.08 |
| August 2026 | $18,399.03 | $3,679.81 | 0.00 | $22,078.84 |
| **TOTALS** | $45,429.18 | $12,785.78 | $547.74 | **$58,762.70** |
| Attorneys' Fees (8/7/26 thru 9/10/26): | | | | $2,487.50 |
| Filing Fee: | | | | $405.00 |
| **Subtotal (Attorneys' Fees and Costs):** | | | | **$2,892.50** |
| **TOTAL DUE:** | | | | **$61,655.20** |

5. The Parties hereby expressly stipulate that Judgment shall be entered against Defendants and in Plaintiffs' favor in the total amount of **$61,655.20** pursuant to the terms set forth below.

///

**REQUIREMENTS UNDER THE TERMS OF THIS STIPULATION**

6. **Notice requirements** pursuant to the terms of this Stipulation are as follows:

- Notices to Defendants: Adam Dyck, 7094 Gravenstein Hwy, Cotati, CA 94931; email: info@agdengineering.com.
- Notices to Plaintiffs: Tino X. Do, Saltzman & Johnson Law Corporation, 5100-B1 Clayton Road, Suite 373, Concord, CA 94521; email: tdo@sjlawcorp.com, copy to compliance@sjlawcorp.com.

7. The requirements pursuant to the terms of this Stipulation are as follows:

a) **Monthly Payments**: Defendants shall conditionally pay the amount of **$48,869.42**, which is the Judgment amount less *conditionally waived* liquidated damages in the amount of **$12,785.78.** Payment shall be made as follows:

i) Payments in the amount of **$4,297.00 per month** shall begin on October 15, 2026, and continue on or before the 15th day of each month thereafter **for a period of twelve (12) months**. Plaintiffs may require that Defendants pay electronically by ACH/wire transfer, or by cashier's check.

ii) Defendants have the right to increase the monthly payments at any time and there is no penalty for prepayment.

iii) Payments shall be applied first to interest, at the rate of 10% per annum in accordance with the Bargaining Agreement(s) and Trust Agreements. **Interest shall begin to accrue on September 26, 2026**.

b) **Contributions:** Beginning with contributions due for hours worked by Defendants' employees during the month of September 2026, and for every month thereafter until this Judgment is satisfied, Defendants shall remain current in reporting and payment of contributions due to Plaintiffs under the terms of the Collective Bargaining Agreement(s).

c) **Job Report:** Beginning with work performed during the month of September 2026, and for every month thereafter, Defendants shall fully disclose all jobs on which it is working by providing Plaintiffs with fully completed job reports on the form attached hereto as *Exhibit A*. Upon request by Plaintiffs, Defendants shall also provide Plaintiffs with copies of Certified Payroll Reports

(or equivalent payroll records).

d) **<u>Audit</u>:** Defendants shall comply with the Trust Funds' request for an audit of Defendants' payroll records pursuant to the requirements of Defendants' Collective Bargaining and/or other related Agreement and/or the Plaintiffs' Trust Agreements, Defendants must contact the auditor within seven days of receiving notice and must schedule the audit as requested. Defendants must fully comply with the audit by keeping the scheduled appointment for the audit and making all documentation requested by the auditor available for inspection. Defendants specifically agree that if all records are not provided upon Plaintiffs' request, Plaintiffs may conduct post judgment discovery, a debtor's exam, or any other court proceeding necessary to compel provision of the documents.

i) In the event that amounts are found due to Plaintiffs as a result of the audit, Plaintiffs shall send a copy of the audit report and written demand for payment to Defendants. In the event that the audit findings are not contested, payment in full shall be delivered to Tino X. Do at the address provided above within ten days of the date of the demand letter.

ii) In the event that Defendants dispute the audit findings, Defendants must provide the dispute in writing, with all supporting documentation, within ten days of the date of the demand. Defendants shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment in full of the amount requested in the above-described demand letter, plus additional interest, will be immediately due. If revisions are made, payment in full of the revised amount shall be immediately due. Plaintiffs shall send a revised written demand for payment to the Defendants. Payment in full shall be delivered to Tino X. Do at the address provided above within ten days of the date of the demand letter.

iii) If Defendants are unable to make payment in full, Defendants may submit a request to add the amounts found due to this Stipulation. If the Stipulation is so revised, Defendants shall execute the Amended Judgment or Amendment to Judgment within ten days of receipt. Failure to execute the revised agreement shall constitute a default of the terms herein.

iv) Failure by Defendants to fully comply with the audit, and/or submit either payment in full or a request to add the amounts due to this Judgment within ten days of receipt shall

constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Judgment. Defendants stipulate that the Trust Funds may compel any outstanding documents needed to complete the audit by debtor's examination, post judgment discovery, or further court action.

e) **Fees:** Defendants shall pay all additional attorneys' fees and costs incurred through Satisfaction of Judgment, whether or not a default occurs.

8. In summary, Defendants shall deliver the following payments and documents to Plaintiffs, at the following locations, on or before the following delivery deadlines, until this Stipulation has been fully satisfied:

| **Required Submissions** | **Delivery deadlines**[1] | **Delivery locations** |
|---|---|---|
| **Stipulated payments in the amount of $4,297.00.** payable to *Operating Engineers Trust Funds* | 15th day of each month (10/15/26 – 9/15/27) | Electronically, via Employer Edge<br>*-or-*<br>*For standard mail:*<br>Operating Engineers Trust Funds<br>MPSA CA Lockbox<br>PO Box 31001-4336<br>Pasadena, CA 91110-4336<br>*-or-*<br>*For UPS, FedEx, or registered mail:*<br>Operating Engineers Trust Funds<br>PNC Bank c/o MPSA CA Lockbox<br>Lockbox #914336<br>Pasadena Tech Center<br>465 N Halstead Street, STE 160<br>Pasadena, CA 91107 |
| **Current contribution reports and payments** payable to *Operating Engineers Trust Funds* | 15th day of each month (beginning 10/15/26, for 9/26 hours) | Electronically, via Employer Edge<br>*-or-*<br>*For standard mail:*<br>Operating Engineers Trust Funds<br>MPSA CA Lockbox<br>PO Box 31001-4336 |

[1] If the Stipulation has not been fully satisfied by 8/15/27, all monthly submission requirements shall continue until all amounts have been paid and a Satisfaction of Judgment has been filed with the Court.

| Required Submissions | Delivery deadlines[1] | Delivery locations |
|---|---|---|
| | | Pasadena, CA 91110-4336<br>*-or-*<br>*For UPS, FedEx, or registered mail:*<br>Operating Engineers Trust Funds<br>PNC Bank c/o MPSA CA Lockbox<br>Lockbox #914336<br>Pasadena Tech Center<br>465 N Halstead Street, STE 160<br>Pasadena, CA 91107<br><br>Plus copies to:<br>compliance@sjlawcorp.com<br>(subject: "AGD General Engineering, Inc.") |
| **Completed job reports** (form attached as Exhibit A to Stipulation)<br><br>**and Certified Payroll** (if requested) | 15th day of each month (beginning 10/15/26, for 9/26 hours) | compliance@sjlawcorp.com<br>(subject: "AGD General Engineering, Inc.") |

9. Failure to comply with any of the above terms, including submitting a payment that does not clear the bank, or failing to endorse a joint check provided for the payment of amounts due under the terms of this Stipulation including current contributions, shall constitute a default of the obligations under this Stipulation.

## DEFAULTS UNDER THE TERMS OF THIS STIPULATION

10. If default occurs, Plaintiffs shall make a written demand to Defendants to cure said default ***within seven (7) days of the date of the notice from Plaintiffs***. In the event default is not cured within the required time frame, all amounts remaining due hereunder (after application of principal payments made, if any) shall be due and payable on demand by Plaintiffs. These amounts shall include any conditionally waived liquidated damages, additional (current) contributions/liquidated damages/interest, and additional attorney's fees and costs incurred herein.

11. Any unpaid or late-paid contributions, together with 20% liquidated damages and 10% per annum interest, shall become part of this Judgment. Plaintiffs reserve all rights available to collect

any contributions and related amounts not included herein. This includes, but is not limited to, any amounts due pursuant to employee timecards or paystubs, by audit, or other means. Should Defendants fail to submit a report for any month, contributions shall be estimated pursuant to Trust Fund policy. Defendants specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

12. A Writ of Execution may be obtained without further notice, in the amount of the unpaid balance plus any additional amounts due under the terms herein. Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth the balance due as of the date of default.

**MISCELLANEOUS PROVISIONS**

13. The above requirements remain in full force and effect regardless of whether or not Defendants have ongoing work, whether Defendants' account with the Trust Funds is active, or whether Defendants are signatory to a Collective Bargaining Agreement with the Union. If, for any reason, Defendants have no work to report during a given month, Defendants shall submit the job report form (Exhibit A attached hereto) indicating that there are no current jobs. If Defendants have no contributions to report, Defendants shall submit the applicable contribution report stating, "no employees."

14. Payments made by joint check shall be endorsed on behalf of Defendants prior to submission, and may be applied toward Defendants' monthly stipulated payment, provided that the issuer of the joint check does not request a release in exchange for the payment. Joint checks for which a release is requested may not be applied toward Defendants' monthly stipulated payment but shall be deducted from the total balance owed under this Stipulation, provided the payment is for contributions included in this Stipulation.

15. Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendants as to the final amount due, including additional interest, any current contributions and related amounts and all additional attorneys' fees and costs incurred by Plaintiffs, whether or not Defendants default herein. Any additional amounts due shall be paid in full with the final stipulated payment due on September 15, 2027.

16. The conditional waiver of liquidated damages shall be presented to the Board of Trustees for consideration only after all amounts due under the terms of this Stipulation are paid in full, and Defendants' account is otherwise current. If the waiver is granted, a Satisfaction of Judgment will be filed with the Court once all payments have cleared the bank. If the waiver is not granted, the liquidated damages will be immediately due. The waiver may be granted with further conditions, such as paying timely and remaining current for an additional period of time.

17. Defendants waive any notice of Entry of Judgment or of any Request for a Writ of Execution and expressly waive all rights to stay of execution and appeal.

18. Any failure on the part of Plaintiffs to take any action as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach.

19. Defendants/Guarantor have represented that they do not intend to file for Bankruptcy protection. In the event that Defendants/Guarantor file for Bankruptcy protection, Defendants/Guarantor specifically agree that the amounts due here under, which are employee benefits and related sums, shall not be dischargeable. The Defendants/Guarantor agree to reaffirm this debt, and will not request that the debt be discharged.

20. Should any provisions of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provisions shall be deemed not to be part of this Stipulation.

21. This Stipulation is limited to the agreement between the parties with respect to the unpaid and delinquent contributions and related sums enumerated herein, owed by Defendants to Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendants acknowledge that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendants and all of their control group members, as provided by Plaintiffs' Plan documents, Trust Agreements incorporated into their Bargaining Agreements, and applicable laws and regulations. The parties to this Stipulation understand and agree that nothing contained herein shall in any manner relate to or otherwise limit the obligations of Defendants with respect to the assessment and collection

of withdrawal liability pursuant to 29 U.S.C. § 1381 et seq.

22. This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

23. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

24. Defendants/Guarantor represent and warrant that they/he has had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that it/he has read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

25. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

DATED: September 18, 2026

**AGD GENERAL ENGINEERING INC.**

By: /S/
Adam Dyck, Owner/RMO/CEO/President

DATED: September 18, 2026

**ADAM DYCK**

By: /S/
Adam Dyck, Individual Defendant and Guarantor

DATED: September 18, 2026

**OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND, ET AL.**

By: /S/
Sonya Brown
Fringe Benefits Director for Operating Engineers Local 3 Trust Funds

**IT IS SO ORDERED.**

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

DATED: October 27, 2026

UNITED STATES DISTRICT JUDGE

**Exhibit A: JOB REPORT FORM**
**Completed Forms Due by the 15th day of each month**
by email to compliance@sjlawcorp.com (subject line: AGD General Engineering, Inc.), or delivered to Saltzman & Johnson, 5100-B1 Clayton Road, Ste. 373, Concord, CA 94521

**Employer: AGD GENERAL ENGINEERING, INC.**

**Report for the month of _______________, 20__ Submitted by: ______________________**

| | | | |
|---|---|---|---|
| **Project Name:** | | | **Public or Private?** (Circle one) |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Phone #:** | | **Project Manager Name:** | |
| **Project Manager Phone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

The undersigned declares under **penalty of perjury** under the laws of California and the United States of America that the information provided in the foregoing Job Report is true, complete, and correct, and further that the undersigned has not knowingly omitted the existence and/or details of any work, jobs, and/or projects that Defendants have worked on by failing to submit a Job Report.

This Declaration was executed upon this ____day of _______, at _______________, California.

******Attach additional sheets as necessary******

______________________________
Adam Dyck